UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| EDGAR GOODWIN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 1:06-MC-18 |
| | ) | *Collier/Lee* |
| C/O HIGGS; C/O JONES; SHERIFF JOHN | ) | |
| CUPP; HAMILTON COUNTY JAIL LT. | ) | |
| WILES; HAMILTON COUNTY; LT. | ) | |
| COPPINGER; STATE OF TENNESSEE, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM

Edgar Goodwin ("Goodwin" or "plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 2). Goodwin complains each defendant has violated his Eighth Amendment rights while acting in their official and individual capacities. Specifically, Goodwin complains Defendant C/O Jones is harassing him, making racist comments to him, threatening him with physical violence, denying him an opportunity to shower, and denying him recreation time. However, later in Goodwin's complaint he alleges he is forced to shower, make phone calls, and participate in recreation while restrained in handcuffs. Goodwin claims Defendant Lt. Wiles has also denied him the right to shower and Defendant Lt. Coppinger, the supervisor of lock-up, has failed to stop these alleged Eighth Amendment violations. Goodwin contends the defendants have denied him contact with the courts and contact with counsel. Additionally, he complains he is denied salt, pepper, and sugar (Court File No. 2).

The Court previously entered a deficiency order instructing plaintiff to sign his complaint and submit the appropriate documents to proceed *in forma pauperis* (Court File No. 1). Plaintiff has

failed to respond to the Court's April 3, 2006 Order. Therefore, the Court will assess the full amount of fees and dismiss the case.

Also before the Court is plaintiff's "Motion to Appeal Interjunction [sic] Relief Dismissal" (Court File No. 3). Goodwin is apparently confused because this Court has not, as he alleges in his motion, previously denied him preliminary injunctive relief in this case. Accordingly, this motion is **DENIED** (Court File No. 3).

## I.    Application to Proceed In Forma Pauperis

It appears from the application to proceed *in forma pauperis* submitted by Goodwin that he lacks sufficient financial resources at the present time to pay the required filing fee of $250.00. Goodwin is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since Goodwin is an inmate or prisoner in custody at the Hamilton County Jail, in Chattanooga, Tennessee, he will be **ASSESSED** the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Goodwin shall pay the full filing fee of two-hundred and fifty dollars ($250.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Goodwin's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

(a)    twenty percent (20%) of the average monthly deposits to Goodwin's inmate trust account; or

(b)    twenty percent (20%) of the average monthly balance in Goodwin's inmate trust account for the six-month period preceding the filing of the complaint.

2

Thereafter, the custodian shall submit twenty percent (20%) of Goodwin's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Hamilton County, the Custodian of Inmate Trust Fund Accounts at the Hamilton County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Goodwin's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of Goodwin's file and follow him if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.

## II. Dismissal of Action

The Court previously entered a deficiency order instructing Goodwin to sign his complaint and submit the appropriate documents to proceed *in forma pauperis* (Court File No. 1). Goodwin was directed to send the full filing fee or to complete an *in forma pauperis* application and submit it along with the necessary documents within thirty (30) days of the Court's April 3, 2006 Order. In addition, the Court instructed Goodwin to sign his complaint and return it within thirty (30) days of the April 3, 2006 Order. Plaintiff was notified if he failed to comply with the Order within the time required, the Court would presume he is not a pauper, assess the full filing fees, and order the case dismissed for want of prosecution. In addition, plaintiff was informed if the case was dismissed

3

under these circumstances it would not be reinstated to the district court's docket despite the subsequent payment of the filing fee. Plaintiff has failed to respond to the Court's April 3, 2006 Order.

Accordingly, this action will be dismissed for failure to prosecute. Rule 41(b) of the *Federal Rules of Civil Procedure* allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases.

Therefore, this action will be **DISMISSED** for plaintiff's failure to prosecute and to comply with the orders of this Court. FED. R. CIV. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

An Order will enter **DISMISSING** the plaintiff's complaint in its entirety.

*/s/*_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**